**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Thomas B. McNamara

|  |  |
|---|---|
| In re:<br><br>IAN PATRICK KOENTGES and<br>KELSEY ELIZABETH KOENTGES,<br><br>Debtors. | Bankruptcy Case No. 25-18225 TBM<br>Chapter 7 |

---

### ORDER DENYING APPLICATION TO EMPLOY

---

### Background

On December 16, 2025, (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (Docket No. 1).

On April 24, 2026, Ian Patrick Koentges and Kelsey Elizabeth Koentges (the "Debtors") filed a "Motion to Approve Exclusive Right-to-Sell Listing Agreement and Application to Employ Broker" (Docket No. 59, the "Application").  In the Application, the Debtors sought authorization pursuant to 11 U.S.C. § 327(a) to employ Preston Newberry of Your Castle Real Estate as a real estate broker and to enter into an Exclusive Right-to-Sell Listing Agreement allowing Mr. Newberry to market and sell a real property located at 7497 Fox Creek Trail, Franktown, Colorado (the "Property"), which Property is property of the Debtors' estate pursuant to 11 U.S.C. § 541(a).

Subsequent to the filing of the Application, on April 30, 2026, the Court held a hearing on the "United States Trustee's Motion to Dismiss or Convert Case" (Docket No. 51, the "Motion to Convert") and the Debtors' Objection thereto (Docket No. 58). After presentation of evidentiary proffers and considering arguments from counsel, the Court issued an oral ruling in which it determined that the Debtors' bankruptcy case should be converted to Chapter 7 pursuant to 11 U.S.C. § 1112(b)(1) and granting the Motion to Convert.  Thereafter, on May 1, 2026, the Court entered an "Order Converting Case Under Chapter 11 to Case Under Chapter 7" (Docket No. 68, the "Conversion Order"), converting the case to Chapter 7 and ordering the United States Trustee to appoint a Chapter 7 trustee for the Debtors' bankruptcy estate.  Thereafter, the United States Trustee appointed Robertson Cohen (the "Trustee") as interim Chapter 7 (Docket No. 69).  On May 7, 2026, the Trustee filed an Objection to the Application (Docket No. 78, the "Objection").  In the Objection, Mr. Cohen states as follows:

> 7.     The Motion was filed by the Debtors in their capacity
> as debtors-in-possession under chapter 11.  That
> status ceased upon conversion. Upon conversion of
> the bankruptcy case from chapter 11 to chapter 7, the

Debtors, as former debtors-in-possession, were divested of all authority to administer the bankruptcy estate. *See* 11 U.S.C. § 348. *See also* Order Converting Case Under Chapter 11 to Case Under Chapter 7, Doc. 68. Control over property of the estate and the authority to retain professionals vest exclusively in the Trustee upon conversion. 11 U.S.C.§§ 323, 327.

8. Because the Debtors no longer have authority to employ professionals or to bind the estate to listing agreements or other contracts with respect to property of the estate, the Motion is moot and should be denied. Moreover, granting the Motion would improperly bind the Trustee to a brokerage relationship and listing agreement he did not select and has elected not to endorse, which would directly interfere with the Trustee's independent judgment and fiduciary duties to the estate and its creditors. The Court should not impose upon the Trustee a pre-conversion brokerage arrangement negotiated solely by the Debtors.

9. As indicated above, the Trustee has evaluated the Property and independently determined that it is in the best interest of the estate and creditors to employ a different real estate broker. The Trustee intends to file a separate application to employ his selected broker pursuant to 11 U.S.C. § 327 in the near future.

## Discussion

11 U.S.C. § 327(a) provides:

[T]he trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

As Chapter 11 debtors-in-possession, the Debtors had most of the rights of and performed the functions of a Chapter 7 trustee. 11 U.S.C. § 1107(a). However, upon conversion of the case, the Debtors ceased to have such rights and powers, including the power to employ professionals pursuant to 11 U.S.C. § 327(a). 11 U.S.C. § 348(e). Therefore, Section 327(a) no longer allows the Debtors to employ, with court approval, professionals to aid them in carrying out the duties of a trustee. Post-conversion, only the Trustee has such authority. *See in re EBW Laser, Inc.*, 333 B.R. 351, 355 (Bankr. M.D.N.C. 2005) (holding that once case was converted from Chapter 11 to one under

Chapter 7, only the Chapter 7 trustee had authority to employ professionals under Section 327).  Therefore, the Court agrees with the Trustee that the Application is moot. The Court cannot approve pursuant to Section 327 the proposed employment of any professional, including Mr. Preston, unless requested to do so by the Trustee.

### Order

Because the Application became moot upon conversion of the case from Chapter 11 to Chapter 7, the Court hereby

ORDERS that the Application is DENIED as moot.

Dated this 11th day of May, 2026.

BY THE COURT:

Thomas B. McNamara,
United States Bankruptcy Judge